UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DEANDRE MITCHELL | ) | |
| | ) | |
| | ) | Cause No.: 1:05-CV-84 |
| v. | ) | (1:00-CR-56) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

## MEMORANDUM OF OPINION AND ORDER

This matter is before the court on the Request for a Certificate of Appealability filed by Deandre Mitchell ("Mitchell") on May 6, 2005. For the following reasons, Mitchell's request is DENIED.

## DISCUSSION

On May 6, in addition to this request for certificate of appealability, Mitchell also filed a simultaneous Notice of Appeal. Generally, once a Notice of Appeal is filed, a district court is divested of jurisdiction in a case. However, in the case of certificates of appealability, the Seventh Circuit, notwithstanding the filing of a Notice of Appeal, generally remands the case to the district court for a determination of whether a certificate should be issued. *See Williams v. United States*, 150 F.3d 639 (7th Cir. 1998) ("Circuit Rule 22.1(b) instructs litigants [seeking a certificate of appealability] to go to district courts first, and initial application to the district judge is good practice[.]"). Therefore, the court will address Mitchell's current request.

Pursuant to 28 U.S.C. § 2253, a prisoner seeking appellate review of a district court's denial of a § 2255 motion must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). Section 2253(c)(2) provides that a certificate "may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." Section

2253(c)(3) adds that the certificate must "indicate which specific issue or issues satisfy the showing required by paragraph (2)." As a practical matter, "[t]he certificate is a screening device, helping to conserve judicial (and prosecutorial) resources. The obligation to identify a specific issue concentrates the parties' attention (and screens out weak issues); the limitation to constitutional claims also reduces the number of appeals while simultaneously removing a category of claim that ... has poor prospects." *Young v. United States*, 124 F.3d 794, 799 (7th Cir.1997).

As noted above, a certificate of appealability may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253. "A petitioner...must ... demonstrate that an issue is debatable among jurists of reason or that the questions 'deserve encouragement to proceed further.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3394-5 & n.4 (1983)).

Given the discussion in this court's April 18, 2005, Memorandum of Decision and Order, wherein the court set forth at length its reasons for denying Mitchell's § 2255 motion, it cannot be said that the issues presented in that motion are debatable among jurists of reason. The same applies to the issues Mitchell raises in his request for certificate of appealability, which are the same issues although slightly rephrased and/or recharacterized. Accordingly, his request for a certificate of appealability must be denied.

Mitchell was convicted by a jury on August 21, 2001, of a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On November 15, 2001, this court sentenced Mitchell to 180 months imprisonment. Mitchell received this term of imprisonment since he was sentenced as an armed career criminal, due to prior state court felony convictions.

Mitchell appealed to the Seventh Circuit Court of Appeals and his conviction was affirmed. *United States v. Mitchell*, 299 F.3d 632 (7th Cir. 2002), *cert. denied*, 537 U.S. 1130, 123 S.Ct. 908 (2003).  On March 7, 2005, Mitchell filed a Petition to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255.  Following briefing on that motion, the court issued a Memorandum of Decision and Order denying the motion on April 18, 2005.

In his current application for certificate of appealability, Mitchell raises the same issues he raised in his § 2255 motion, to wit: that his sentence is "illegal" because he is "innocent" of the charge of being an armed career offender.  More specifically, Mitchell maintains that two of the state court convictions used to enhance his sentence did not fit within the parameters of 18 U.S.C. § 924(e)(2)(A)(ii) and § 924(e)(2)(B).

In his § 2255 motion, which was filed 19 months after the limitations period set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996, Mitchell asserted that the "actual innocence" exception excused the untimeliness of his petition.  As the court discussed in its April 18, 2005, memorandum denying that petition, the actual innocence exception did not excuse Mitchell's tardy filing since he failed to show that "'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Memorandum of Decision and Order, p. 5 (quoting *Schulp v. Delo*, 513 U.S. 298, 327 (1995)).  Furthermore, the court explained that "neither the Supreme Court nor the Seventh Circuit 'has ever applied the actual innocence exception to overcome the failure to timely file [an appeal or § 2255 motion].'" *Id*., (quoting *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004)).  The court also pointed out that Mitchell's actual innocence argument could not be used to attack his designation as an armed

3

career criminal as the argument went to his sentence and not to his conviction. Pursuant to the Seventh Circuit's holding in *Hope v. United States*, 108 F.3d 119 (7th Cir. 1997), the "actual innocence exception no longer extends to non-capital sentencing issues and enhancements as this [exception] was trumped by the Anti-Terrorism and Effective Death Penalty Act." *Id*., pp. 5-6.

     Finally, the court explained that Mitchell's use of the actual innocence argument in an attempt to circumvent the one-year statute of limitations period contained in § 2255 failed for another fundamental reason. In order to receive the benefit of the actual innocence exception (a "free pass" around the limitations period), a petitioner "would have to show some action or inaction on the part of the [government] that prevented him from discovering relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." *Gildon*, 384 F.3d 883, 887 (7th Cir. 2004). In this case, Mitchell knew that his prior state court convictions would be used to determine his sentence and, specifically, that they were being used to sentence him as an armed career criminal. Mitchell was informed that his prior state court convictions would be used to enhance his sentence when he and his able counsel received the Pre-Sentence Report prepared by the U.S. Probation Office–a fact Mitchell does not challenge. Therefore, it simply cannot be said that any government action or inaction impeded his ability to discover and challenge this enhancement well before he was sentenced. On the contrary, Mitchell could have raised this same challenge prior to his sentencing, on direct appeal to the Seventh Circuit, or in a timely filed motion pursuant to § 2255. He failed to do so. Also, it should be pointed out that Mitchell was represented by counsel throughout trial and throughout the appellate process, and yet the armed career criminal portion of his sentence was not challenged until nearly two years

beyond the statute of limitations for the filing of a § 2255 motion.

For all of these reasons, Mitchell fails to make the threshold "showing of the denial of a constitutional right[.]" in order to obtain a certificate of appealability.[1]

## **CONCLUSION**

Based on the foregoing, the Request for Issuance of a Certificate of Appealability filed by Deandre Mitchell is DENIED.

SO ORDERED.

Dated: May  16 , 2005.

/s/     William C. Lee
William C. Lee, Judge
United States District Court

---

[1] In his brief in support of his request for a certificate of appealability, Mitchell argues that "[t]his Court used Hope v. United States 108 F3d 119 (7th Cir. 1997) which deals with a second or successive § 2255 Petition." Mitchell Brief, p. 3 (docket at 64). He further states that "[t]he present petition is not requesting a second or successive § 2255 but is this Petitioner's initial (first) Petition under 28 U.S.C. § 2255." Mitchell claims that this somehow constituted error on the part of this court when it denied Mitchell's § 2255 motion. However, the *Hope* case was cited by the court for that portion of its holding discussing the § 2255 procedural requirements and the application of the "actual innocence" argument to postconviction relief. The court was aware that Mitchell's § 2255 motion filed on March 7, 2005, was the first such motion he has filed challenging this court's sentence.